OWEN, Judge
(concurring in part and dissenting in part):
I concur with che holding that (under the facts of this case) relator did not waive his right to a speedy trial simply by failure to object to either of the two continuances entered by the court on its own motion. However, I dissent from that portion of the opinion which holds that relator had not sufficiently asserted his demand for speedy trial so as to activate the provisions of Rule 3.191(a)(2) CrPR.
While there is a clear distinction between “demand” and “request”, viewed from the etymological approach, such a distinction cannot be reasonably justified when it comes to deciding whether a “request” will activate the provisions of Rule 3.191(a)(2) CrPR. I therefore assume that the majority, in finding the demand inadequate, base that decision solely upon the conclusion that such demand was so embodied within a motion which primarily dealt with another subject matter that it did not fairly put the State on notice of the demand.
I certainly have no quarrel with the concept that the State must have reasonable *394 notice of a defendant’s demand for speedy trial, and I hold no brief for any defendant who might hope to gain his release through the device of concealing or submerging a demand for speedy trial within the body of some voluminous or verbose pleading which ostensibly deals with another subject matter altogether. I suppose that my only quarrel with the majority relates to the factual question of whether in this case the demand was so concealed that the State was not reasonably put on notice, or whether it was so patent and obvious that it could be said to be reasonable notice in spite of the prosecutor’s apparent failure to note it. This is probably a subjective decision. I can only say that upon examining a photocopy of the instrument, I find the typewritten subparagraph which demands speedy trial, with letters larger than the printed portion of the form, strikes my eye immediately upon even the most cursory glance. For this reason I would find the demand altogether sufficient to put the State on notice and to activate the provisions of the Rule, and I would therefore make the writ absolute.